UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ROSCOE HILL,<br><br>              Plaintiff,<br><br>   v.<br><br>W.R. WILLIAMS, et al.,<br><br>              Defendants. | CV F- 03-6661 AWI DLB P<br><br>ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983.  Pending before the Court is the amended complaint

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

1    In the instant case, plaintiff brings action against Correction Captain Williams, M. Webster, D.B. Allen, G. Lewis, L. Rianda, C. King and N.E. Villa, all employed at Pleasant Valley State Prison. Plaintiff alleges that he was denied the publication "Vibe" because it had gang gestures on four pages. Plaintiff alleges the named defendants knowingly supported the action in violation of his First Amendment rights.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Plaintiff alleges that he was denied a publication in violation of the First Amendment. However, he fails to link the named defendants with any specific act or omission relating to the alleged violation. He generally states that defendants "supported the action" but he does not describe how each defendant was involved. Because plaintiff has failed to link the named defendants with some affirmative act or omission, plaintiff's amended complaint must be dismissed.

The Court will grant plaintiff an opportunity to amend to cure the deficiencies of this complaint. Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

1  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy,
2  625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named
3  defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some
4  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v.
5  Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,
6  588 F.2d 740, 743 (9th Cir. 1978).

7       In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to
8  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
9  complaint be complete in itself without reference to any prior pleading.  This is because, as a
10 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d
11 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer
12 serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,
13 each claim and the involvement of each defendant must be sufficiently alleged.

14      In accordance with the above, IT IS HEREBY ORDERED that:

15           1.  Plaintiff's amended complaint is dismissed; and

16           2.  Plaintiff is granted thirty days from the date of service of this order to file an
17 amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of
18 Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket
19 number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original
20 and two copies of the amended complaint; failure to file an amended complaint in accordance with
21 this order will result in dismissal of this action.

22     IT IS SO ORDERED.

23    **Dated:   May 9, 2006**            **/s/ Dennis L. Beck**
   3b142a                                  UNITED STATES MAGISTRATE JUDGE